NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WAYNE ROSE,<br><br>        Plaintiff,<br><br>   v.<br><br>JEREMY S. WEINSTEIN, et al.,<br><br>        Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 14-5269 (JBS/KMW)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

    In this 42 U.S.C. § 1983 action, pro se Plaintiff Wayne Rose, generally alleges that various judicial officers retaliated against him for exercising his First Amendment right to petition in connection with civil cases in the Supreme Court of New York, Queens County.  Plaintiff specifically alleges that Defendants Jeffrey D. Lebowitz (hereinafter, "Judge Lebowitz") and Jeremy S. Weinstein (hereinafter, "Judge Weinstein" and, together with Judge Lebowitz, the "judicial Defendants"), both identified by Plaintiff's Complaint as Judges of the New York state court who presided over Plaintiff's various civil actions, disparately treated him on account of his HIV status, subsequently dismissed all of his cases, and restricted Plaintiff's access to all court records, retaining same under lock and key in the clerk of the court's office.  (Compl. at ¶¶

25-86.)  Plaintiff alleges that Judge Lebowitz's "retaliatory" conduct has further extended into Plaintiff's criminal prosecution, because the Assistant District Attorney, Defendant Sean Murphy (hereinafter, "ADA Murphy"), purportedly acts as "'Lebowitz['s] puppet'" and remains in "constant communication[]" with Judge Lebowitz concerning Plaintiff's prosecution.  (Id. at ¶¶ 84-85.)  ADA Murphy has also purportedly retained, in accordance with the alleged conspiracy against Plaintiff, "a certain video tape/dvd" of Plaintiff's interview at the time of his arrest.  (Id. at ¶¶ 85-86.)

Plaintiff's Complaint identifies three causes of action: (1) a cause of action for an order directing Judge Weinstein to release the files concerning Plaintiff's actions, to reinstate Plaintiff's civil cases to the state court's active docket, and to compel ADA Murphy to release the video tape (id. at ¶¶ 87-92); (2) a cause of action against Judge Weinstein, in his individual capacity, as a result of Judge Weinstein's dismissal of Plaintiff's actions and purported sealing of certain court records (id. at ¶¶ 93-115); and (3) a cause of action for conspiracy against Judge Lebowitz and ADA Murphy arising out of their allegedly collusive efforts in connection with the Plaintiff's criminal prosecution.  (Id. at ¶¶ 116-128.)

2

Because Plaintiff seeks to bring this action in forma pauperis, the Court has an obligation to screen the Complaint under 28 U.S.C. § 1915(e)(2). The Court finds as follows:

1.   Because Plaintiff's application discloses that he is indigent, the Court will, pursuant to 28 U.S.C. § 1915, permit the Complaint to be filed without prepayment of fees, and will direct the Clerk of Court to file the Complaint.

2.   Section 1915(e)(2)(B) requires the Court to screen the Plaintiff's Complaint and to dismiss any claim that is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  A complaint "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting 1915(e)(2)'s predecessor, the former § 1915(d)).  Although a court must accept as true all factual allegations in a complaint, that tenet is "inapplicable to legal conclusions" and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation omitted).

3.   Plaintiff's Complaint, on its face, solely concerns the acts of judicial officers and a state prosecutor in connection with Plaintiff's civil and criminal actions in New York state court.  These claims will be dismissed with prejudice

3

because judges and prosecutors are entitled to absolute immunity for their actions in furtherance of their judicial and prosecutorial duties. Judicial immunity extends immunity to judges from all suits, "not just from ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991). Moreover, the mere allegations of "bad faith or malice" do not suffice to overcome the absolute nature of the immunity. Id. Rather, the immunity is only overcome in two narrow sets of circumstances. See id. "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." Id. at 11-12 (citations omitted). In determining whether judicial immunity applies, "the relevant inquiry is the 'nature' and 'function' of the act . . . ." Id. at 13 (citation omitted). Here, as stated above, Plaintiff, in essence, alleges that the judicial Defendants retaliated against him and exceeded their judicial authority by dismissing his civil actions and by purportedly sealing certain court records. However, the judicial Defendants made these assessments while acting in their capacity as state court judges, and there are no allegations that either wholly lacked jurisdiction. (Compl. at ¶¶ 87-115.) Nor does Plaintiff plausibly allege that Judge Lebowitz engaged in nonjudicial acts in purportedly colluding with ADA Murphy in

4

connection with Plaintiff's criminal prosecution. (Id. at ¶¶ 116-28.) Rather, Plaintiff expressly acknowledges that such acts purportedly occurred in Judge Lebowitz's exercise of his "judicial powers[.]" (See, e.g., id. at ¶ 117.) Absolute immunity therefore applies in this instance, and the claims against the judicial Defendants will be dismissed with prejudice.

   4.   ADA Murphy, a state prosecutor, is also entitled to immunity because "a prosecutor enjoys absolute immunity from § 1983 suits for damages when he acts within the scope of his prosecutorial duties." Imbler v. Pachtman, 424 U.S. 409, 420 (1976). State prosecutors therefore have absolute immunity with respect to acts "'and other conduct intimately associated with the judicial phases of litigation'" and/or undertaken "'in preparing for the initiation of judicial proceedings or for trial[.]'" Light v. Haws, 472 F.3d 74, 77-78 (3d Cir. 2007) (citations omitted). Indeed, the decision to initiate a prosecution and how best to proceed thereafter rests "at the core of a prosecutor's judicial role" and therefore constitute decisions to which absolute immunity attaches. Kulwicki v. Dawson, 969 F.2d 1454, 1463-64 (3d Cir. 1992) (citations omitted); see also Radocesky v. Munley, 247 F. App'x 363, 365 (3d Cir. 2007) ("[t]he decision whether or not to initiate or prosecute a case is completely discretionary with prosecutors

5

and also is absolutely immunized from a suit for damages"). Here, Plaintiff's claim against ADA Murphy exclusively hinges upon the manner in which ADA Murphy prosecuted Plaintiff's various criminal proceedings. (Compl. at ¶¶ 116-28.) Absolute immunity applies to these actions, and Plaintiff's claims against ADA Murphy will also be dismissed with prejudice.

    5.  In sum, because Defendants are entitled to absolute judicial and prosecutorial immunity with respect to Plaintiff's claims, these claims will be dismissed with prejudice. All Defendants are therefore dismissed with prejudice, and the case will be closed on the docket. An accompanying Order will be entered.

| | |
|---|---|
| **October 16, 2014** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE<br>Chief U.S. District Judge |